PER CURIAM.
We adopt the opinion of the trial judge as the opinion of this court. The opinion follows:
1. Pursuant to the provisions of Florida Statutes 732.28, F.S.A. the fiduciaries of the estate caused a notice of probate to be published, the first publication of said *354 notice haying been accomplished on March 6, 1968, and that all procedural requirements imposed by Florida Statute 732.28 F.S.A. were fulfilled and notice of probate mailed by the County Judge to all interested parties in accordance with said statute, requiring that any petition for revocation of probate herein be filed within a six month period from March 6, 1968.
2. That the petition to revoke probate filed herein by WILLIAM H. MEEVES, through his counsel, was not filed until September 19, 1968, said date being after the expiration of the six month period from the first publication of notice of probate.
3. That Florida Statute 732.28, F.S.A. specifically requires that a petition for revocation of probate shall be filed within a six month period from the first publication of Notice of Probate, when the procedure described in said statute has been invoked and fulfilled.
4. That the general appearance filed herein on or about September S, 1968, by counsel for WILLIAM H. MEEVES, the petitioner, could not be construed as a petition to revoke probate and is ineffective to comply with the statute, said general appearance making no reference whatsoever to any intention to petition for revocation of probate.
S. That the Court does not find any circumstances existing to justify the Court in proceeding of its own motion to consider the issues raised by the petition to revoke probate, there having been no allegation of fraud or overreaching or undue influence in this case on the part of the personal representatives.
6. That WILLIAM H. MEEVES, the petitioner, was named in the documentation filed with the Court in connection with the publication of Notice of Probate, and received notice as required by law.
7. That the general appearance filed herein by counsel for WILLIAM H. MEEVES is insufficient to toll the limitation in the absence of the petition for revocation being filed prior to the expiration of the six month period; and that the petition for revocation itself must have been filed within the six month period specified in the statute in order to be effective.
Affirmed.